993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles GILBERT and Jennings Gilbert, Defendants-Appellants.
 Nos. 92-5245, 92-5426.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1993.
 
 Before: KEITH and BATCHELDER, Circuit Judges; and TAYLOR, District Judge.*
 PER CURIAM:
 
 
 1
 Defendants-Appellants, Charles Gilbert and Jennings Gilbert (collectively "the Gilberts") appeal their jury verdicts on four counts: 1) conspiracy to manufacture and possess marijuana in violation of 21 U.S.C. § 846; 2) manufacture of 810 marijuana plants and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2(a) & (b); 3) possession with intent to distribute 810 marijuana plants and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a) & (b), and 4) possession with intent to distribute sixty (60) pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a) & (b). We AFFIRM.
 
 I.
 
 2
 In August of 1990, Officer Michael Gay, while conducting aerial surveillance for the United States Forest Service, located several suspected marijuana plots within the boundaries of the Daniel Boone National Forest. During the surveillance, Officer Gay also observed a nearby drying area for harvested marijuana. On September 4, 1990, the officers again flew over the area and discovered freshly cut marijuana plants hanging in the drying area on copper wire. With this information on September 7, 1990, a team of officers from the United States Forest Service, the Kentucky State Police, the Kentucky Attorney General's Office and the National Guard positioned themselves to conduct a ground surveillance of the area.
 
 
 3
 During the first two days of the operation, the officers observed no activity. On the third day, the officers observed a man enter one of the marijuana patches for approximately forty-five minutes and remove some of the marijuana "buds" and place them in plastic garbage bags. Officers testified that this man was not alone because they heard at least two men conversing. The officers further testified that the clothing, hair color and hairstyle of the man they observed was similar to that of Jennings Gilbert. None of the officers, however, could identify the other individuals that were in the marijuana patch.
 
 
 4
 Another team of officers was stationed in the drying area where harvested marijuana was in the process of drying. Shortly after the first team observed the man harvesting in the patch, this second group of officers heard noises on the rock cliff above the area. They then heard a loud crashing noise when two garbage bags of marijuana were thrown down the face of the cliff into the area. These officers observed a man, later identified as Jennings Gilbert, proceed down the path towards the drying area. Jennings Gilbert's father, Charles, and a third elderly individual, Aulden Burns, followed him down the path.
 
 
 5
 The officers testified that they observed the Gilberts talking while Jennings collected the dried marijuana from the copper wire and placed it in an empty garbage bag. The officers then arrested each individual, secured the area, and seized two garbage bags with filled with freshly cut marijuana and one bag that contained dried marijuana plants. Pocket knives that contained marijuana residue were also seized from the Gilberts. Following his arrest, Charles Gilbert stated that he would have to admit to the marijuana that was there, since he had been caught with it.
 
 
 6
 During a sweep of the area, the officers found two shotguns, a rifle, and other hunting paraphernalia. They located a box of plastic garbage bags and a back pack that contained scissors with traces of marijuana residue. The officers located the Gilbert's vehicle some distance away which contained a spool of copper wire and another box of plastic garbage bags.
 
 
 7
 The trial proceedings commenced on December 2, 1991.[1] The Gilberts' both testified at trial, however, that they were in the Daniel Boone National Forest to hunt squirrels and stumbled upon the marijuana patch. They claimed that they did not plant the marijuana that they picked or intend to distribute the marijuana.
 
 
 8
 Following a trial, the jury returned a guilty verdict for the Gilberts on all of the counts that were submitted.[2] The district court sentenced Jennings Gilbert to concurrent sentences of seventy-eight (78) months on Counts 1, 2, and 3 and sixty (60) months imprisonment on Count 4. Charles Gilbert was sentenced to sixty (60) months imprisonment for his role in the conspiracy.
 
 II.
 
 9
 On appeal, the Gilberts argue that the evidence presented was not sufficient to convict them of the crimes charged, that the government failed to sufficiently identify them, and that the government's equipment failure during the surveillance operation called into question the credibility of the evidence presented.
 
 
 10
 We assess a sufficiency of the evidence challenge by viewing the evidence presented in the light most favorable to the government and determining whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See United States v. Kottmeyer, 961 F.2d 569, 573 (6th Cir.1992). Having carefully considered the record and the issues presented in the appellate briefs and at oral argument, we find no error warranting reversal. Therefore, we AFFIRM the jury convictions and the sentences imposed by the Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 On December 2, 1991, the district court severed Aulden Burns from the trial proceedings for the Gilberts because of continuing health problems
 
 
 [2]
 The district court granted the Gilberts' motion for judgment of acquittal as to Count 5 of the indictment which charged the use and carrying of firearms during and in relation to the drug trafficking crimes listed in Counts 1 through 4, in violation of 18 U.S.C. § 924(c). The district court found that the weapons at issue were not the type of weapons contemplated by Congress when it enacted that statute